The plaintiff in error was indicted, tried, found guilty and sentenced to death, at the Court of Oyer and Terminer, for the county of Westchester. By writ of error the judgment was brought under review at the General Term of the Supreme Court for the second district and was there affirmed; and the court appointed a day for the execution of the sentence. A writ of error was thereupon, sued out by the plaintiff in error, and the proceedings were thereby removed to this court, and a stay of execution until the further order of this court was obtained.
The indictment charged that the plaintiff in error, feloniously, willfully and of malice aforethought, made an assault upon one Ellen Hicks, with a gun, charged with gunpowder and bullet, which he held in his hands, and at, and against the said Ellen Hicks, did feloniously, willfully and of his malice aforethought, shoot off and discharge, and with such bullet, by means of the shooting off and discharging the said gun, the said Fitzgerrold did, then and there, feloniously, willfully and of his malice aforethought, strike, penetrate and wound the said Ellen Hicks, giving to her * * one mortal *Page 423 
wound, * * of which said mortal wound, the said Ellen Hicks did, then and there, soon after die. * * * And the jurors aforesaid * * say, that the said Fitzgerrold, her, the said Ellen Hicks, in the manner and by the means aforesaid, feloniously and of his malice aforethought, did kill and murder. * * *
It is insisted on behalf of the plaintiff in error, that the offense of murder in the first degree is not charged in the indictment, and that therefore a verdict of guilty does not warrant a judgment condemning the plaintiff for that offense.
In 1834, the Court of Errors of this State, in The People v.Enoch (13 Wend. 159), by an unanimous opinion affirmed the judgment of the Supreme Court, which held that an indictment charging the act to have been committed feloniously, willfully, and of his malice aforethought, was a sufficient charge of murder in the first degree, although the Revised Statutes then defined murder as a killing in the following cases:
1. When perpetrated from a premeditated design to effect the death of the person killed, or of any human being.
2. When perpetrated by an act imminently dangerous to others, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual.
3. When perpetrated without any design to effect death by a person engaged in the commission of a felony. (2 R.S. 657, part 4, ch. 1, § 1.)
The present statute (Laws of 1862, p. 369, ch. 197) defines murder in the first degree in the same terms, except that the third subdivision reads, "when perpetrated in committing the crime of arson in the first degree."
Under the indictment above mentioned, Enoch was convicted of murder, sentenced to be hung, and the conviction and judgment therein was sustained.
The ground was distinctly taken and ably and elaborately argued, that charging the act to have been with malice aforethought was not a sufficient description of a killing with a premeditated design, and that therefore the conviction *Page 424 
should not be sustained. And the precise argument now urged upon us was there earnestly pressed, viz.: that "had the accused on his arraignment pleaded guilty to the charge, the court would not have known what judgment to pronounce," i.e. whether the punishment of murder in the first degree, death, or of manslaughter, imprisonment in the State prison.
The court were of opinion and held, that the statute had not changed the form of pleading or the requisites of an indictment. That the words "with malice aforethought" include express malice, which is all that is expressed or intended to be expressed by "premeditated design," and are legal and appropriate language to express it. The opinion of the chancellor in the Court of Appeals was, that murder being a common law offense, and the law having adopted certain technical expressions to define the offense, the crime must be described in the indictment, or the intention be expressed in those technical terms, and no other. And that therefore in an indictment for murder the terms "of his malice aforethought," are considered absolutely necessary, and without them it would be deemed a case of manslaughter.
This case clearly and necessarily sustains the indictment now in question. It holds that the statute has introduced no new rule of pleading to describe a killing with premeditated design; that the court, on the trial, must instruct the jury as to what should be proved to sustain such an indictment; that in the giving of such instructions the statute is a guide, and any error in such instructions is to be corrected on exception thereto.
The decision in The People v. Enoch was affirmed by the Supreme Court in The People v. White (22 Wend. 167). There the pleader, in order to avoid question, had added to the charge of killing "with malice aforethought" the words of the statute "and from a premeditated design to effect his death," etc. The Supreme Court held that these latter words were unnecessary and mere surplusage; that the other words, being in the form of a common law indictment, let in proof of any species of murder as defined by the statute; *Page 425 
hence that the words "with premeditated design," etc., might be rejected or disregarded.
The Court of Errors (24 Wend. 520) held that the pleader by introducing the words "with premeditated design," etc., had adopted them as descriptive of the specific act charged, viz., the description in the first subdivision of that section of the statute which defines murder, and as matter of description he had made them material. But the opinions of the court show that the words were not necessary to the validity of the indictment, and, so far from retracting or reversing the decision of the same court in The People v. Enoch, language of direct affirmance is used in the opinions. Thus (p. 580), "since the decision in the case of Enoch in this court, no doubt can be entertained that a common law indictment charging the offense to have been committed of malice aforethought, would be good for either of the offenses described in the first or second subdivisions of the section." Had the indictment been so drawn, and without the words "with premeditated design," etc., no doubt can be entertained that the charge of the court to the jury would have been correct and the conviction good. And (p. 571) "it is true that, according to the reason of the thing, as well as the decision of this court in The People v. Enoch, a general count charging murder withmalice aforethought, would be sufficient, and would be sustained by any sort of murder whatsoever within the statutory definitions."
These decisions involve no discussion of the extent to which the manner of the killing must be described, in order to avoid a variance and let in proof of the actual facts. Such a description will, in general, show to which subdivision of the statute the charge refers. But that it is not necessary to use the words "with premeditated design," etc., in order to constitute a valid indictment, and that such design is sufficiently alleged in the charge with malice aforethought, is the clear doctrine of these cases.
In The People v. Clark, in this court (7 N.Y. 385), no question arose on the form of the indictment. The inquiry was what degree of deliberation was essential to constitute *Page 426 
premeditated design, but in the discussion Mr. Justice JOHNSON says that the words "premeditated," "aforethought" and "prepense," possess, etymologically, the same meaning, and are * * synonymous, expressing a single idea, and possess in law precisely the same force. But as "malice prepense" had obtained a broader meaning than belongs to "premeditated design," the statute required, in order to a conviction of murder under the first subdivision, the existence of an actual intention to kill. The existence of such intention must therefore be proved on the trial, to sustain such an indictment, under the first subdivision.
The result of these cases most clearly is, that the crime of murder is sufficiently charged, when alleged, as in the present indictment, "with malice aforethought." But, in order to prove the crime, the proofs must establish a case within the requirement of the statute in one of its three subdivisions. And the party indicted is entitled to proper instructions to the jury as to what facts must be found to sustain the indictment. And a verdict of guilty as charged in the indictment is a finding of guilty of murder in the first degree; and judgment thereon, and condemnation to the punishment awarded to that crime, necessarily follow.
We find no reason for departing from these views of the law. If I doubted their accuracy, I should hesitate in disturbing cases which have been the guide of public officers and the test of correct pleading for more than thirty years, unless I saw that some wrong was done or some evil was created by continuing a form of indictment so long approved, the meaning, force and effect of which was well understood, so that no party indicted could possibly be surprised or placed at disadvantage on the trial, if the law was rightly declared to the jury, and if in that respect there was error, that may be corrected.
I have, however, no doubt on the subject. I think the decision in The People v. Enoch founded in good sense and correct in law, and that it is decisive in the case before us.
In a case in which the questions raised involve the life of a human being, I was disposed to consider carefully what *Page 427 
could be urged by the counsel for the plaintiff in error, although the case did not seem doubtful, but the result of such consideration is, that the judgment must be affirmed.
All the judges agreed in the definition of murder in the second degree, as given by HUNT, Ch. J.
Judgment affirmed. *Page 428